IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES AJIKE ADERINBOYE | § | |
| (TDCJ No. 1955872), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:16-cv-160-L-BN |
| | § | |
| LORIE DAVIS, Director | § | (Consolidated With: |
| Texas Department of Criminal Justice, | § | No. 3:16-cv-864-L-BN; |
| Correctional Institutions Division, | § | No. 3:16-cv-865-L-BN) |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner James Ajike Aderinboye, a Texas inmate, proceeding *pro se*, has filed

three separate applications for writs of habeas corpus under 28 U.S.C. § 2254. The

Court consolidated the three applications into this case. *See* Dkt. No. 8 (citing FED. R.

CIV. P. 42(a); N.D. TEX. L. CIV. R. 42.1). And, for the reasons explained below, the Court

should deny the applications as barred by the applicable statute of limitations.

**Applicable Background**

The first state criminal judgment that Aderinboye challenges is based on his

pleading guilty to possession of a controlled substance with intent to deliver with a

deadly weapon, the underlying incident having occurred on May 31, 2010. *See State v.*

*Aderinboye*, No. F10-56305-R (265th Jud. Dist. Ct., Dallas Cty., Tex.). The trial court

deferred adjudication of Aderinboye's guilt conditioned on his completing 10 years of

community supervision. *See* Dkt. No. 15-1 at 8-9 (Order of Deferred Adjudication dated

Sept. 30, 2010).

As the Dallas Court of Appeals, in its order affirming, as modified, the trial court's later order adjudicating Aderinboye's guilt and sentencing him to 40 years of imprisonment, explained,

> [o]ver the next three years, the State filed motions to revoke appellant's community supervision and adjudicate his guilt, but the State withdrew each of the motions. In September 2013, the trial court added electronic monitoring to the conditions of community supervision. However, three hours after being released on community supervision with an electronic monitor, appellant cut off the electronic monitor. The State again moved to adjudicate appellant's guilt.
>
> At the hearing on the State's motion to adjudicate, appellant pleaded true to six of the eight allegations that he had violated the terms of his community supervision. At the State's request, the court took "judicial notice of the entire contents of the Court's file." The trial court adjudicated appellant guilty of the offense as charged. At the punishment phase of the hearing, the State presented evidence that the officers who arrested appellant on October 8, 2013, found appellant at a house used to distribute cocaine, methamphetamine, and marijuana. The police found two handguns and a shotgun in the house as well as a piece of mail addressed to appellant at the house. The piece of mail was found in the front bedroom of the house where the police also found a safe containing cocaine, methamphetamine, and a handgun. On a nightstand in the bedroom, the police found syringes, lighters, and a scale. The police found a total of 37.6 grams of cocaine and 20.6 grams of methamphetamine in the house as well as a one-gallon plastic bag of marijuana, scales, and material and equipment for packaging illegal drugs.
>
> At the conclusion of the punishment phase, the defendant's counsel asked the court to sentence appellant to five years, and the prosecutor asked the court to sentence him to thirty years. The trial court stated,
>
>> [T]he Court gave you another chance at getting your life straight and you chose not to. It's mindboggling to me. I just don't understand your conduct. And given the severity of the original case and the continued participation in the drug trade in Dallas County, the Court is going to assess your punishment at 40 years' confinement in state prison.

The court then sentenced appellant to forty years' imprisonment.
*Aderinboye v. State*, No. 05-14-00857-CR, 2015 WL 4656677, at \*1-\*2 (Tex. App. –
Dallas Aug. 6, 2015, no pet.).

Aderinboye sought state habeas relief as to this conviction and sentence, raising
but a single claim – that he was subjected to an unlawful search and seizure. *See* Dkt.
No. 10-11. The Court of Criminal Appeals (the "CCA") denied his petition without a
written order on December 16, 2015. *See Ex parte Aderinboye*, WR-84,214-01 (Tex.
Crim. App. Dec. 16, 2015). The Section 2254 application challenging this state criminal
judgment was filed, pursuant to the prison mailbox rule, shortly thereafter, on January
13, 2016. *See* Dkt. No. 3 at 10.

Aderinboye also challenges two state convictions for possession with intent to
deliver cocaine and possession with intent to deliver methamphetamine, entered after
he pleaded guilty, and pursuant to which he received concurrent sentences of 20 years
of imprisonment. *See State v. Aderinboye*, Nos. F13-61155-R, F13-61156-R (265th Jud.
Dist. Ct., Dallas Cty., Tex. May 23, 2014). Aderinboye failed to appeal either
conviction. But he did challenge each through separate state habeas applications he
verified on July 31, 2015. *See* Dkt. No. 10-13 at 21; Dkt. No. 10-15 at 21. And the CCA
denied both applications without written order. *See Ex parte Aderinboye*, WR-84,214-
02, -03 (Tex. Crim. App. Mar. 2, 2016).

## Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA")

establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2). The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *See, e.g., United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)).

> "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks and citation omitted). "[T]he principles of equitable tolling ... do not extend to what is

> at best a garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Unfamiliarity with the legal process does not justify equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

*United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010) (per curiam).

But "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The Supreme Court of the United States has reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Id.* at 756 (emphasis in original).

The Supreme Court also has determined that the AEDPA's statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). But the actual innocence gateway is only available to a petitioner who presents "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the new, reliable evidence must be sufficient to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 1928 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear

that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal'

innocence, of course, would arise whenever a constitutional violation by itself requires

reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499

U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted;

emphasis in original)).

## Analysis

<u>The challenge to the first state criminal judgment (F10-56305-R) is time-barred.</u>

Applicable to the posture of the pertinent state criminal proceedings, discussed

above,

> [u]nder Texas law, "a judge may defer the adjudication of guilt of
> particular defendants and place them on 'community supervision' if they
> plead guilty or *nolo contendere*." *Tharpe v. Thaler*, 628 F.3d 719, 722 (5th
> Cir. 2010) (citing TEX. CODE CRIM. P. art. 42.12, § 5(a)). If the defendant
> violates a condition of his community supervision, the court holds a
> hearing to determine whether it should impose a judgment of guilt. *Id.* If
> the court convicts the defendant, it also sentences him. *Id.* Two distinct
> limitations periods then apply for the filing of habeas petitions. One
> limitations period applies to claims relating to the deferred adjudication
> order, and another limitations period applies to claims relating to the
> adjudication of guilt. *Id.* at 724; *see also Caldwell v. Dretke*, 429 F.3d 521,
> 526-30 (5th Cir. 2005).

*Frey v. Stephens*, 616 F. App'x 704, 707 (5th Cir. 2015); *see also Caldwell*, 429 F.3d at

530 ("Because an order of deferred adjudication community supervision is a final

judgment within the plain meaning of AEDPA section 2244, the one-year statute of

limitations, for challenging substantive issues of [an order] of deferred adjudication,

[begins] to run when the order deferring adjudication [becomes] final."); *Tharpe*, 628

F.3d at 724 (holding that "a habeas claim that challenges a *deferred-adjudication order*

and another habeas claim that challenges a *conviction and sentence* involve two different 'judgments' for AEDPA purposes" and "in dealing with two entirely separate and distinct judgments – one a deferred-adjudication order and the other a judgment of conviction and sentence – [federal courts] are dealing with two separate and distinct limitation periods under the AEDPA" (distinguishing *Burton v. Stewart*, 549 U.S. 147 (2007); emphasis in original)).

Aderinboye's sole claim as to No. F10-56305-R is – just like the claim as to the same judgment raised in the applicable state habeas proceedings – that he was subjected to an unlawful search and seizure. *See, e.g.,* Dkt. No. 3 at 6. That claim relates "to the deferred adjudication order." *Frey*, 616 F. App'x at 707; *see United States v. Mills*, 843 F.3d 210, 216-17 (5th Cir. 2016) ("[U]nder Texas law, deferred adjudications are immediately appealable upon entry of the initial order, triggering the 30-day limitations period for filing a notice of appeal. In fact, a defendant subject to a deferred adjudication may *only* appeal issues related to the original plea proceedings – including sufficiency of the evidence – when the deferred adjudication is originally imposed, not upon revocation." (respectively citing *United States v. Vasquez*, 298 F.3d 354, 358-59 (5th Cir. 2002); *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999)); emphasis in original).[1]

---

[1] *See also Jenkins v. Thaler*, No. 4:12-cv-797-A, 2013 WL 867529, at *2 (N.D. Tex. Mar. 7, 2013) ("Because petitioner's claims relate to facts and events involving the original plea proceedings, the judgment placing him on deferred adjudication community supervision is the relevant judgment for purposes of the one-year statute of limitations." (citing *Tharpe*, 628 F.3d at 724)); *York v. Stephens*, No. A-13-CA-100-LY, 2014 WL 2168216, at *3 (W.D. Tex. May 23, 2014) (claims are "related to the

The deferred adjudication order became final on Monday, November 1, 2010. *See* TEX. R. APP. P. 26.2(a)(1); TEX. R. APP. P. 4.1(a). Aderinboye therefore had until November 1, 2011 to timely assert this claim through a Section 2254 habeas petition, unless that deadline is equitably tolled or Aderinboye is relying on the narrow actual innocence gateway. Here, however, he neither presents rare and exceptional circumstances that justify equitable tolling of this claim nor argues that he is factually innocent. As such, Aderinboye's petition challenging this state conviction is barred by the AEDPA's one-year statute of limitations.

<u>The challenges to the remaining state criminal judgments are also time-barred.</u>

Both judgments, imposed on May 23, 2014, became final for federal limitations purposes some 30 days later – on Monday, June 23, 2014. *See* TEX. R. APP. P. 26.2(a)(1); TEX. R. APP. P. 4.1(a). The date that Aderinboye declares that he placed each application in the prison mail system – March 22, 2016, *see Aderinboye v. Davis*, No. 3:16-cv-864-L-BN (N.D. Tex.), Dkt. No. 3 at 10; *Aderinboye v. Davis*, No. 3:16-cv-865-L-BN (N.D. Tex.), Dkt. No. 3 at 10 – is more than 8 months after June 23, 2015, one year after each state judgment became final for limitations purposes.

As Aderinboye's state habeas application as to each criminal judgment was filed after AEDPA's limitations period lapsed, *see* Dkt. No. 10-13 at 21; Dkt. No. 10-15 at 21

---

validity of the original guilty plea" if they turn on a contention that a petitioner "did not actually commit" the crime; such "claims had to be raised in a direct appeal within thirty days of when [p]etitioner received deferred-adjudication community supervision"; and such claims may not be rephrased as a challenge to findings made at conviction and sentence in order to evade the AEDPA's one-year statute of limitations), *C.O.A. denied*, No. 14-50689 (5th Cir. Apr. 10, 2015).

(indicating that Aderinboye signed his declaration as to each application on July 31, 2015), his pursuit of state habeas relief did not toll the applicable limitations period, *see Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013) ("Where the applicant files his or her state post-conviction petition after the time for filing a § 2254 application has lapsed, the state petition does not operate to toll the one-year limitations period." (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000))).

Accordingly, Aderinboye's Section 2254 applications as to these criminal judgments are untimely unless the deadlines are equitably tolled or Aderinboye is relying on the narrow actual innocence gateway. Again, Aderinboye neither presents rare and exceptional circumstances that justify equitable tolling nor argues that he is factually innocent. As such, Aderinboye's petitions challenging these state conviction are also barred by the AEDPA's one-year statute of limitations.

## Recommendation

The Court should deny the applications for writ of habeas corpus as time-barred.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 2, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-10-